UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,  CASE NUMBER: 8:09-cr-263-T26TGW
      Plaintiff,

v.

GARY B. AMSTER,
      Defendant.
_____/

**DEFENDANT, GARY AMSTER'S**
**MOTION FOR NEW TRIAL**

The defendant, Gary Amster, by and through the undersigned counsel, moves the Court to grant him a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(2).

**Grounds for Relief**

1. The court erred in denying defendant's oral motion for acquittal made at the conclusion of the evidence.

2. The verdict is contrary to the weight of the evidence.

3. The verdict is not supported by substantial evidence.

4. The defendant was deprived of a fair trial.

**Memorandum of Law**

Rule 33 requires that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2). In computing time, Saturdays, Sundays and legal holidays are excluded per Fed.R.Crim.P. 45(a)(2). Therefore, this motion is timely. The keen interest this court has in preserving defendant's right to a fair trial and the interests of justice warrant a new trial.

The motion for new trial should be granted based on the prosecution's constant characterization of defendant as a liar. While there were no objections from counsel, this liar cry coupled with the uncharged and cumulative 404(b) evidence (Purple Heart, uncharged DD214 form) deprived Mr. Amster of a fair trial

Purported Purple Heart claims were emphasized by the prosecution. Specifically, in its rebuttal, the government called the juries' attention to Exhibit 5h, a 1-16-78, a document which contained a purported claim by Mr. Amster that he was a Purple Heart recipient in the Vietnam War. While the prosecution had a more than generous open file policy during discovery, none of the evidence was ever listed in a formal 404(b) notice to Defendant. Unfortunately, the uncharged conduct became a feature of the trial and violated Mr. Amster's rights under Fed. R. Evid. 404(b) and 403 to have evidence that is more prejudicial than probative excluded.

These violations particularly warrant a new trial given the fact that the government never had Exhibit 1, the allegedly false DD-214 form, tested by a handwriting expert. This point was conceded by Agent Marks during her cross examination. The lack of testing on a document that became the lynchpin of the prosecution's case deprived Mr. Amster of a fair trial given the emphasis put on the document and the government's burden of proof.

WHERERFORE, based on the reasons set forth herein taken either individually or

globally, the Defendant, Gary Amster, should receive a new trial because the interests of justice so require one.

Respectfully Submitted,

   s/Michael P. Maddux
Michael P. Maddux, P.A.
Florida Bar No.: 0694212
2102 West Cleveland Street
Attorney for Defendant, Amster
Tampa, Florida 33606
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: patteson@flash.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of February, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

   s/Michael P. Maddux

Michael P. Maddux, Esquire