UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,    CASE NUMBER: 8:09-cr-263-T26TGW
    Plaintiff,

v.

GARY B. AMSTER,
    Defendant.
_____/

**DEFENDANT, GARY AMSTER'S,
MOTION FOR A JUDGMENT OF ACQUITTAL**

TO THE HONORABLE RICHARD A. LAZZARA:

    The Defendant in the above styled and numbered cause, Gary B. Amster, under Rule 29(c)(1) of the Federal Rules of Criminal Procedure, respectfully moves the Court for an order acquitting the Defendant of all Counts. In support of this motion, Mr. Amster would show the Court as follows:

**I.**

    Federal Rule of Criminal Procedure 29(c)(1) states that a defendant may move for a judgment of acquittal, or renew such a motion, within 7 days after a guilty verdict or after the court discharges the jury, whichever is later.

    The government has failed to prove the essential elements of all Counts alleged against the Defendant beyond a reasonable doubt.

**II.**

    A hearing on this motion is respectfully requested.

**MEMORANDUM IN SUPPORT OF DEFENDANT, GARY AMSTER'S,
MOTION FOR A JUDGMENT OF ACQUITTAL**

    The Defendant, through counsel, submits this Memorandum in Support of Defendant's Motion for a Judgment of Acquittal as to all three counts of the superceding indictment.

The due process clause to the United States Constitution requires that the government prove all facts necessary to convict a defendant beyond a reasonable doubt. *In re: Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970).

The test is whether the government has presented evidence in which a rational juror could have found guilt beyond a reasonable doubt. *U.S. v. Schaffer*, 183 F. 3d 833, 840 (D.C. Cir. 1999). Although upon a motion for judgment of acquittal, the evidence must be examined in a light most favorable to the government and all *reasonable* inferences are drawn in the government's favor, the government cannot establish its case by pyramiding inference upon inference *U.S. v. Aguiar*, 610 F. 2d 1303-1304 (5th Cir. 1980); *U.S. v. Schaffer*, 183 F. 3d 833, 840 (D.C. Cir. 1999). Further, the court must not indulge in fanciful speculation nor bizarre reconstruction of the evidence. *U.S. v. Moore*, 725 F. Supp. 584, 587 (D.D.C. 1989).

Although the government may use circumstantial evidence, the circumstances proven must directly support the inference and exclude all reasonable doubt to the extent of overcoming the presumption of innocence. *United States v. Srulowitz*, 785 F. 2d 382, 387 (2d Cir. 1986).

The jury must not be permitted to convict on suspicion and innuendo. *Id. See also United States v. Palacios*, 556 F. 2d 1359, 1365 (5th Cir. 1977).

In the instant case, the witnesses presented by the prosecution in its case-in-chief failed to establish that as to Count III, Mr. Amster made a material false statement. The testimony from Lt. Colonel Stephenson, who heads the Army's medals and decorations department, established that receipt of the Medal of Honor is a multi-step process involving a recommendation received and ruled upon within two years. Once the Army approves a recommendation based on acts of valor, the Pentagon is involved and eventually the Joint Chief's of Staff Chairperson and the President.

The government is not required to show actual reliance on a statement for it to be material; instead, a false statement "must simply have the capacity to impair or pervert the functioning of a government agency." *See United States v. Calhoon*, 97 F.3d 518, 530 (11th Cir.

1996).  Even with the capacity to impair or pervert the function of a government agency standard, the elite nature of the medal, the remoteness in time to the service period when the acts were alleged to have occurred, and the context in which the comment was made (during a phone conversation about an unrelated claim) demonstrate even this *deminimus* showing was not met. Agent Marks and the VA representative Collette Burgess established that the VA did nothing with the statement except record it in a phone note.  The claim that it could have affected the agency it was made to was pure speculation, not demonstration of a capacity to affect.

A judgment of acquittal should be entered on Counts I and II for the failure of the evidence to match the indictment - the government charged conjunctively that Mr. Amster did verbally and in writing falsely represent he was the recipient of the Medal of Honor while the jury instructions only said "or".

Count II was tied to a representation Mr. Amster allegedly made to Katrina Blas of the Disabled American Veterans.  Again the government relied on the falsity of the DD-214, a charge never brought, to infer that Mr. Amster had tricked Ms. Blas into stating "Veteran is a highly decorated with a Congressional Medal of Honor".  The charged lacked proof that Mr. Amster intentionally misrepresented himself as a Medal of Honor recipient. As was often testified to in trial, the DD-214 is an important document to all veterans and is required to show basic information.  Ms. Blas made her own interpretation of the significance of the receipt of the form and of the information in box 24 on the DD-214 as it related to Mr. Amster's claim for financial hardship.  There was never any testimony that Mr. Amster demanded she make a statement about the Medal of Honor in her cover letter.

In Count I the government charged Mr. Amster with violating the Stolen Valor Act for in essence recording a document, Exhibit 1,  at the Brevard County Clerk's office which he must have known was false.  The government failed to prove any type of representation was made in the filing of this form at the Clerk's office.  The government never proved Mr. Amster made the

document although the innuendo permeated the trial. The filing of a document is not a verbal or written act.

Finally, the convictions on Counts I and II should be reversed because the Stolen Valor Act criminalizes free speech under the First Amendment. 18 U.S.C. Section 704(b) and (c) makes bragging and exaggeration a crime. While this form of speech may not play a higher role in society, it nonetheless has the protection of the First Amendment. This Court should reverse the convictions because of the constitutional infringement on defendant's right of free speech and the overly broad nature of the statute.

WHEREFORE Defendant prays this Court would enter a judgment of acquittal as to all counts and discharge him accordingly.

Respectfully Submitted,

s/Michael P. Maddux
Michael P. Maddux, P.A.
Florida Bar No.: 0694212
2102 West Cleveland Street
Attorney for Defendant, Amster
Tampa, Florida 33606
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: patteson@flash.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of February, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

s/Michael P. Maddux
Michael P. Maddux, Esquire